UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02611-DSF-JC | Date | July 8, 2020 |
|---|---|---|---|
| Title | Kamorrie Randle v. R. Grounds | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| none present | none present |

**Proceedings:**     (IN CHAMBERS)

### ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED

In an order dated November 15, 2018 ("November Order"), the District Judge granted petitioner's motion to stay this action for petitioner to exhaust Grounds Three through Five in the pending Petition for Writ of Habeas Corpus ("Petition") and directed him, beginning thirty (30) days from the date of the November Order and every sixty days thereafter, to file a status report detailing the status of the state court proceedings to exhaust his unexhausted claims. The November Order further expressly cautioned petitioner that the failure to meet any of the time requirements contained in the November Order would result in an order vacating the stay, *nunc pro tunc*, might preclude consideration of the unexhausted claims and might result in the dismissal of this action for lack of prosecution.

On December 14, 2018, petitioner filed his initial status report notifying the Court that he was "in the process of having his Petition for Writ of Habeas Corpus prepared for the California Supreme Court" and would "continue to expedite his efforts to exhaust Grounds three through five." On February 15, 2019, April 15, 2019, and June 17, 2019, petitioner filed further status reports all of which reflect that petitioner "has no new information" concerning the filing of his Petition for Writ of Habeas Corpus in the California Supreme Court and is continuing in his efforts to exhaust Grounds Three through Five.

As petitioner's foregoing status reports did not reflect that petitioner had yet filed a petition for writ of habeas corpus in the California Supreme Court and provided no details regarding petitioner's asserted efforts to exhaust his unexhausted claims, let alone details which would establish reasonable diligence in doing so, this Court, on June 21, 2019, issued an Order to Show Cause ("First OSC") directing petitioner to show cause why the Stay should not be lifted and why the unexhausted grounds should not be dismissed. On July 29, 2019, petitioner filed a Response to the First OSC. (Docket No. 44).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02611-DSF-JC | Date | July 8, 2020 |
|---|---|---|---|
| Title | Kamorrie Randle v. R. Grounds | | |

    As petitioner did not file status reports or otherwise communicate with the Court for several months thereafter, the Court on December 20, 2019, issued another Order to Show Cause ("Second OSC"). The Second OSC reminded petitioner that the November Order requires petitioner regularly to file status reports — every sixty days at this juncture — and pointed out that, even assuming this Court construed petitioner's July 29, 2019 Response to the First OSC to constitute petitioner's fifth status report, petitioner was several months late with his sixth status report which would have been due no later than September 27, 2019 (sixty days from the filing of the July 29, 2019 Response to the First OSC). The Court therefore ordered petitioner, by not later than January 13, 2020, to show cause, if there be any (1) for his failure timely to file the sixth status report; and (2) why this action should not be dismissed based on petitioner's failure to file the required sixth status report, to comply with the District Judge's November Order, and/or petitioner's failure to prosecute.

    On January 13, 2020, petitioner filed a Response to the Second OSC. On January 27, 2020, he filed his sixth status report. In light of the foregoing, the Court, on February 18, 2020, acknowledged receipt of petitioner's Response to the Second OSC and the sixth status report and again reminded him that he must continue to file status reports with the Court every sixty days as set forth in the November Order, and that his next status report was due by March 27, 2020.

    On March 24, 2020, petitioner signed, and on March 30, 2020, the Court received and filed petitioner's seventh status report. Petitioner's eighth status report was therefore due by not later than May 29, 2020 — sixty days after March 30, 2020. To date, petitioner has not filed his eighth status report or otherwise communicated with the Court since his submission of the seventh status report.

    IT IS THEREFORE ORDERED: By no later than **July 28, 2020**, petitioner shall show cause, if there be any (1) for his failure timely to file the eighth status report; and (2) why this action should not be dismissed based on petitioner's failure to file the required eighth status report, to comply with the District Judge's November Order, and/or petitioner's failure to prosecute. **Petitioner is cautioned that the failure timely to comply with this Order to Show Cause may result in the dismissal of this action based upon petitioner's failure to comply with Court's orders and/or petitioner's failure to prosecute this action, or may result in an order vacating the stay, *nunc pro tunc*, which may preclude consideration of his unexhausted claims.**

    IT IS SO ORDERED.