UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KAMORRIE RANDLE, | ) | Case No. 2:14-cv-02611-DSF-JC |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER DISMISSING ACTION |
| R. GROUNDS, | ) | |
| Respondent. | ) | |

**I.    BACKGROUND AND SUMMARY**

In an order dated November 15, 2018 ("November Order"), this Court granted petitioner's motion to stay this action for petitioner to exhaust Grounds Three through Five in the pending Petition for Writ of Habeas Corpus ("Petition") and directed him, beginning thirty (30) days from the date of the November Order and every sixty days thereafter, to file a status report detailing the status of the state court proceedings to exhaust his unexhausted claims. (Docket No. 36). The November Order further expressly cautioned petitioner that the failure to meet any of the time requirements contained in the November Order would result in an order vacating the stay, *nunc pro tunc*, might preclude consideration of the unexhausted claims and might result in the dismissal of this action for lack of prosecution.

On December 14, 2018, petitioner filed his initial status report notifying the

Court that he was "in the process of having his Petition for Writ of Habeas Corpus prepared for the California Supreme Court" and would "continue to expedite his efforts to exhaust Grounds three through five." (Docket No. 37). On February 15, 2019, April 15, 2019, and June 17, 2019, petitioner filed further status reports all of which reflect that petitioner "has no new information" concerning the filing of his Petition for Writ of Habeas Corpus in the California Supreme Court and is continuing in his efforts to exhaust Grounds Three through Five. (Docket Nos. 40-42).

As petitioner's foregoing status reports did not reflect that petitioner had yet filed a petition for writ of habeas corpus in the California Supreme Court and provided no details regarding petitioner's asserted efforts to exhaust his unexhausted claims, let alone details which would establish reasonable diligence in doing so, the Magistrate Judge, on June 21, 2019, issued an Order to Show Cause ("First OSC") directing petitioner to show cause why the stay should not be lifted and why the unexhausted grounds should not be dismissed. (Docket No. 43). On July 29, 2019, petitioner filed a Response to the First OSC. (Docket No. 44).

As petitioner did not file status reports or otherwise communicate with the court for several months thereafter, the Magistrate Judge, on December 20, 2019, issued another Order to Show Cause ("Second OSC"). (Docket No. 47). The Second OSC reminded petitioner that the November Order required petitioner regularly to file status reports – every sixty days – and pointed out that, even assuming the court construed petitioner's July 29, 2019 Response to the First OSC to constitute petitioner's fifth status report, petitioner was several months late with his sixth status report which would have been due no later than September 27, 2019 (sixty days from the filing of the July 29, 2019 Response to the First OSC). The Second OSC therefore ordered petitioner, by not later than January 13, 2020, to show cause, if there be any (1) for his failure timely to file the sixth status report; and (2) why this action should not be dismissed based on petitioner's failure

2

to file the required sixth status report, to comply with the November Order, and/or petitioner's failure to prosecute.

On January 13, 2020, petitioner filed a Response to the Second OSC. (Docket No. 48). On January 27, 2020, he filed his sixth status report. (Docket No. 49). In light of the foregoing, the Magistrate Judge, on February 18, 2020, acknowledged receipt of petitioner's Response to the Second OSC and the sixth status report and again reminded him that he must continue to file status reports every sixty days as set forth in the November Order, and that his next status report was due by March 27, 2020. (Docket No. 50).

On March 24, 2020, petitioner signed, and on March 30, 2020, the Clerk received and filed petitioner's seventh status report. (Docket No. 51). Petitioner's eighth status report was therefore due by not later than May 29, 2020 – sixty days after March 30, 2020.

As petitioner did not file an eighth status report or otherwise communicate with the Court by the May 29, 2020 deadline, the Magistrate Judge, on July 8, 2020, issued another Order to Show Cause ("Third OSC"). (Docket No. 52). The Third OSC set out the foregoing procedural history and ordered petitioner, by not later than July 28, 2020, to show cause, if there be any (1) for his failure timely to file the eighth status report; and (2) why this action should not be dismissed based on petitioner's failure to file the required eighth status report, to comply with the November Order, and/or petitioner's failure to prosecute. Although such deadline expired more than four weeks ago, to date, petitioner has not responded to the Third OSC, filed his eighth status report or otherwise communicated with the court since his submission of the seventh status report in March.

///
///

As discussed below, this action is dismissed due to petitioner's unreasonable failure to prosecute and petitioner's failure to comply with the November Order and the Third OSC.

## II.    PERTINENT LAW

It is well-established that a district court may *sua sponte* dismiss an action where a plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute.  See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted).[1]

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant/ respondent; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

---

[1] Pursuant to Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), the Federal Rules of Civil Procedure, to the extent they are not inconsistent with any statutory provisions or the Habeas Rules, may be applied to habeas proceedings.  Applying Rule 41(b) of the Federal Rules of Civil Procedure (and its attendant interpretative case law) to this habeas proceeding is not inconsistent with the Habeas Rules or any statutory provision.

## III. DISCUSSION AND ORDERS

First, the Court has reviewed the Third OSC, agrees with the Third OSC, and finds that the Third OSC was properly issued for the reasons discussed therein.[2]

Second, as the above-referenced procedural history reflects, petitioner has repeatedly been notified of his obligation to comply with the November Order and to file regular status reports, has repeatedly failed timely to do so, and has entirely failed to file the requisite eighth status report. Most recently, the Third OSC again afforded petitioner an opportunity to explain his failure to file a requisite status report and to show cause why this action should not be dismissed based upon his failure to comply with the November Order and to prosecute this action. It further cautioned petitioner that his failure timely to respond to the Third OSC may result in the dismissal of this action based upon his failure to comply with the Court's Orders and/or to prosecute this action. Petitioner has not responded.

Finally, upon consideration of the five factors noted above, the Court finds that petitioner's unreasonable failure to prosecute his case and failure to comply with the OSC warrant dismissal as four factors support dismissal, and at least three factors strongly support dismissal. The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely awaiting petitioner's response to the Court's directives.[3] The third factor, risk of prejudice to respondent, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in

---

[2] The Court likewise has reviewed and agrees with the First and Second OSCs and finds that they were properly issued for the reasons discussed therein.

[3] Although not the basis for the instant dismissal, it is noteworthy that petitioner's most recent status report filed in March 2020 – more than a year after the Court stayed this action in November 2018 so that petitioner could exhaust his unexhausted claims by presenting them to the California Supreme Court – reflects that petitioner has still not filed a petition for writ of habeas corpus with the California Supreme Court. (Docket No. 51 at 1).

prosecuting an action. <u>Anderson v. Air West, Inc.</u>, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as petitioner has already been cautioned of the consequences of his failure to prosecute and his failure to comply with the November Order and the Third OSC, has been afforded the opportunity to do so, and has not responded, no sanction lesser than dismissal without prejudice is appropriate.

    IT IS THEREFORE ORDERED that this action is dismissed without prejudice based upon petitioner's unreasonable failure to prosecute and his failure to comply with the November Order and the Third OSC, and that Judgment be entered accordingly.

    IT IS FURTHER ORDERED that the Clerk serve a copy of the instant Memorandum Opinion and Order Dismissing Action and the Judgment on petitioner and counsel for respondent.

    IT IS SO ORDERED.

    DATED: August 27, 2020

    _____
    HONORABLE DALE S. FISCHER
    UNITED STATES DISTRICT JUDGE